NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

DAVID THOMAS MELLO, *Appellant.*

No. 1 CA-CR 21-0376
FILED 2-9-2023

Appeal from the Superior Court in Mohave County
No. S8015CR201900146
The Honorable Billy K. Sipe, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Jill L. Evans, Attorney at Law, Flagstaff
By Jill L. Evans
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

---

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Maria Elena Cruz and Judge Samuel A. Thumma joined.

---

**B R O W N**, Judge:

¶1        This appeal is presented to us pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969). Defense counsel has searched the record on appeal and advised us there are no meritorious grounds for reversal. Mello was given the opportunity to file a supplemental brief and did not do so. Our obligation is to review the entire record for reversible error, *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999), viewing the evidence in the light most favorable to sustaining the conviction and resolving all reasonable inferences against Mello, *State v. Guerra*, 161 Ariz. 289, 293 (1989).

¶2        In May 2018, Mello was a passenger in a car that was stopped by police for having inoperable license plate lamps, which is a civil traffic violation. Mello told the officer that he owned the car, but Mello did not provide proof of insurance or registration. Mello said that because he recently bought the car, the title was at his residence. The driver and Mello were arrested and searched, and the officer found that Mello was carrying heroin and approximately $10,000 in cash. The officer also searched the car, and in the trunk he found a suitcase containing methamphetamine, heroin, cash, firearms, drug paraphernalia, and scales.

¶3        The State indicted Mello on one count of transportation of dangerous drugs for sale (methamphetamine), a class two felony (Count One); one count of transportation of narcotic drugs for sale (heroin), a class two felony (Count Two); and one count of misconduct involving weapons, a class four felony (Count Three). Mello's first trial resulted in a hung jury and the superior court declared a mistrial. Mello then moved to suppress all evidence from the traffic stop, asserting he never had the chance to examine the vehicle involved in the traffic stop. The court denied the motion as untimely.

¶4        At the second trial, the State presented evidence supporting each of the alleged crimes. A forensic scientist testified that the substances recovered from Mello's car were methamphetamines and heroin. The State

introduced into evidence the envelopes containing the recovered methamphetamines and heroin found in Mello's car, as well as the weights of these substances. A detective testified that both the heroin and methamphetamine quantities were indicative of drugs that were intended for sale. The State also presented (1) evidence about the firearms found in the trunk of Mello's car, and (2) texts from Mello's phone that a detective identified as conversations relating to various drug sales.

¶5 On the third day of trial, Mello moved to dismiss the case with prejudice based on an alleged *Brady* violation because the State did not disclose the owner of the vehicle. *See Brady v. Maryland*, 373 U.S. 83 (1963). The State responded that it did not know the owner of the vehicle until after the final management conference. The court denied Mello's motion, finding that no *Brady* violation had occurred.

¶6 The jury returned a guilty verdict for all three counts and found aggravating circumstances were proven. For Counts One and Two, the jury found the following aggravating circumstances were proven: (1) the presence of an accomplice; (2) Mello committed the offense as consideration for the receipt, or in the expectation of the receipt, of anything of pecuniary value; and (3) Mello's possession of a deadly weapon during the commission of the crime. For Count Three, the jury found that the presence of an accomplice was proven.

¶7 The trial court sentenced Mello to an aggravated term of 15 years' imprisonment on Count One and an aggravated term of 12.5 years' imprisonment on Count Two, with the sentences to run concurrently. For Count Three, the court sentenced Mello to the presumptive term of two and a half years in prison. The court ordered the sentence for Count Three to run consecutively to Counts One and Two because Mello's possession of a weapon created an additional risk of harm. The court then awarded Mello 623 days of presentence incarceration credit. Mello timely appealed, and we have jurisdiction under A.R.S. §§ 12-120.21(A)(1), 13-4031 and -4033(A)(1).

¶8 After a thorough review of the record, we find no reversible error. *Clark*, 196 Ariz. at 541, ¶ 50. The record reflects Mello was present and represented by counsel at all critical stages of the proceedings against him. The evidence presented supports the convictions, and the sentences imposed fall within the ranges permitted by law. As far as the record reveals, these proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure and Mello's constitutional and statutory rights. We note that in August 2019, Mello's counsel asked the trial court

to "conduct an advisement" under *State v. Donald*, 198 Ariz. 406 (App. 2000), to advise Mello of the State's plea offer and the potential consequences of proceeding to trial. The court set a date for a *Donald* hearing, but Mello was not present at the scheduled hearing. The court indicated that the hearing could be held at the final management conference if Mello appeared, but apparently the *Donald* hearing never occurred. Even assuming the court erred, nothing in the record suggests that Mello was not properly informed of the State's plea offer or about the consequences of proceeding to trial. Therefore, we affirm Mello's convictions and sentences.

**¶9**        Unless defense counsel finds an issue that may be appropriately submitted to the Arizona Supreme Court, her obligations are fulfilled once she informs Mello of the outcome of this appeal and his future options. *State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Mello has 30 days from the date of this decision to proceed, if he wishes, with a pro per motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:    AA